Donald **STRONG**, Petitioner—Appellant,

v.

**G.J. GUIRBINO**, Warden; et al., Respondents—Appellees.

No. 05–55122.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 8, 2006.*

Filed March 1, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See*     Fed. R.App. P. 34(a)(2).

Donald Strong, Blythe, CA, pro se.

Azra Feldman, Huappauge, NY, for Petitioner–Appellant.

Atty Gen CAS, Marilyn L. George, Office of the California Attorney General, San Diego, CA, for Respondents–Appellees.

Before: PREGERSON, W. FLETCHER, and BYBEE, Circuit Judges.

## MEMORANDUM **

Donald Strong was convicted of battery with serious bodily injury under section 243(d) of the California Penal Code after he hit Mark Martin with an aluminum baseball bat during an argument over a basketball game. He sought a grant of habeas corpus, claiming ineffective assistance of counsel and prosecutorial misconduct. The district court denied the petition and we affirm, concluding that the state court proffered reasonable findings of fact and a reasonable application of clearly established Federal law as required under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) (2000).

■ Strong claims that his counsel was ineffective because he failed to call certain witnesses, stipulated to the victim's injuries, and did not object during the prosecution's closing argument. We hold that all of trial counsel's actions were reasonable, and fall well within the "the wide latitude counsel must have in making tactical decisions." *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Contrary to Strong's claims, the witnesses' pretrial interviews affirm that the two men could not bolster, and might in fact harm, Strong's case at trial. By stipulating to the victim's injuries, counsel avoided a potentially harmful presentation of evidence to the jury. Counsel also made a reasonable tactical decision when he did not object to the prosecutor's closing arguments, fearing that he might appear argumentative. Furthermore, given the strength of the evidence against Strong, any mistake made was not prejudicial.

■ The prosecutor's closing arguments, in which he surmised that unidentified spots on the pavement might be Martin's blood, did not amount to prosecutorial misconduct. The statements were made in argument, not during presentation of the evidence, and the prosecutor asked the jury to draw a permissible inference from evidence presented. The spots were only tangentially related to the issues at trial, and any improper arguments about them could not have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v.*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (internal quotations omitted). Even if the prosecutor's arguments had some negative effect on the jury, we have held that "questionable remarks" such as these can be cured by jury instructions. *See Johnson v. Sublett,* 63 F.3d 926, 930 (9th Cir.1995). At Strong's trial, the jury was admonished to consider only the evidence and not the arguments of counsel.

The district court's decision is **affirmed** and the petition is DENIED.